[No. 18145.  Department One.  December 13, 1923.]

JOHNSON & HIGGINS, *Appellant,* v. AMERICAN INDEMNITY COMPANY, *Respondent.*[2]

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 8, 1922, upon granting a non-suit, dismissing an action to recover unearned premiums on a policy of indemnity insurance. Affirmed.

*Bogle, Merritt & Bogle,* for appellant.
*Roberts & Skeel* and *J. J. Geary,* for respondent.

PARKER, J.—The plaintiff, Johnson & Higgins, upon the theory of being the assignee of National Baking Company, and also upon the theory of being subrogated to the rights of that company independent of formal assignment, seek recovery from the defendant, indemnity company, of the sum of $517, claimed to be due from it—for unearned premiums upon a policy of insurance issued by it insuring a fleet of automobiles owned by the baking company, which policy was cancelled by the indemnity company during the insurance term stipulated in the policy; premium for the entire term having been paid upon the issuing of the policy. The cause was tried by the superior court for King county, sitting without a jury, and re-

[1]Reported in 221 Pac. 340.
[2]Reported in 221 Pac. 291.

sulted in judgment denying to Johnson & Higgins recovery in any sum, from which it has appealed to this court.

It is conclusively shown that the baking company received through Johnson & Higgins, its brokers in the obtaining of the policy, the full amount of the unearned premium thereon soon after the cancellation of the policy. Conceding that Johnson & Higgins stand in the shoes of the baking company by assignment or subrogation, which the trial judge seriously questioned, the case, in its last analysis, as we view it, presents no question worthy of serious consideration, other than the question of fact as to whether or not·Johnson & Higgins have received the full amount of the unearned premium from the indemnity company through its agent, who issued and delivered the policy to Johnson and Higgins for the baking company. This question the learned trial judge decided in favor of the indemnity company. A careful reading of all the evidence leads us to conclude that we would not be at all warranted in disturbing the judgment. To analyze the evidence in this opinion would be of no benefit. That, in any event, seems to us to have been done with painstaking care by the learned trial judge in his observations made at the conclusion of the trial.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.